BARKDULL, Judge.
Bush was charged by information with battery upon a law enforcement officer. He was arraigned and stood mute. A plea of not guilty was entered by the trial court. The appellant filed a motion to dismiss on the ground that the alleged victim, a Dade County corrections officer, was not a “law enforcement officer” within the meaning of Section 784.07, Florida Statutes (Supplement 1976). The trial court ruled that the corrections officers were law enforcement officers within the meaning and intent of the statute. Bush withdrew his prior plea and entered a plea of nolo contendere, reserving the right to appeal the denial of the motions to dismiss. He was adjudicated guilty and sentenced accordingly. This appeal followed.
We hold that a Dade County Corrections Officer is a “law enforcement officer” within the meaning of Section 784.07, Florida Statutes (Supplement 1976).[1]
*274 Pursuant to the Constitution of the State of Florida,[2] the County was given the power to abolish the office of sheriff and to transfer his powers, duties and responsibilities elsewhere. To that end the Metropolitan Dade County Charter was amended, abolishing the office of sheriff and transferring his powers and functions to the county manager who “ * * * may delegate to a suitable person or persons the powers and functions of such officer.[3] * * * ” The county manager, pursuant to the aforementioned authority and other applicable provisions of the Metropolitan Dade County Charter and Code of Metropolitan Dade County,[4] ultimately created the Department of Public Safety and the Department of Corrections and Rehabilitation. It is within the Department of Corrections and Rehabilitation that we find the classification “correctional officer”, which was the officer involved in the instant case. This officer was empowered, by virtue of the administrative order creating the Department of Corrections and Rehabilitation and by his job description, with the following powers, duties and responsibilities: (1) Receives and controls prisoners; (2) Prevents escapes; (3) Enforces regulations; (4) Supervises prisoner work details; (5) Maintains records; (6) If so delegated, he has the power to make an in-house arrest and/or to execute warrants or capias on persons in custody. The obvious purpose of the creation of the Department of Corrections and Rehabilitation was to substitute (in Dade County) a correctional officer (as a person responsible for persons in custody) for a deputy sheriff who exercises such authority and control in the other 66 counties. To hold as the appellant contends would deny a person who is charged with this responsibility in Dade County of the equal protection of the law accorded others in similar situations in other parts of the State. This similarity of duties and responsibilities between a correctional officer and a deputy sheriff (serving in the capacity of being responsible for persons in custody) clearly shows that a correctional officer in Dade County comes within the class intended by the Legislature when it enacted Section 784.07, Florida Statutes (Supplement 1976). See: Arnold v. Shumpert, 217 So.2d 116 *275 (Fla.1968); Soverina v. State, 356 So.2d 269 (Fla.1978); Compare: Pruitt v. State, 363 So.2d 552 (Fla.1978).
Therefore, the judgment of conviction appealed herein is hereby affirmed.
Affirmed.

. “Assault or battery of law enforcement officers or firefighters; reclassification of offenses.—
“(l)(a) As used in this section, the term ‘law enforcement officer’ includes, but shall not be limited to, any sheriff, deputy sheriff, municipal police officer, highway patrol officer, beverage enforcement agent, county probation officer, officer of the Parole and Probation Commission, and law enforcement personnel of the Game and Fresh Water Fish Commission and the Department of Natural Resources and Criminal Law Enforcement
* * * * * *
“(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer or firefighter while the officer or firefighter is engaged in the lawful performance of his duties, the offense *274 for which the person is charged shall be reclassified as follows:
* * * * * *
“(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.”

. Art. VIII, Section 11(f), Constitution of Florida (1885), as carried forward by Art. VIII, Section 6(e), Constitution of Florida (1968).

. Sec. 8.01, Metropolitan Dade County Charter.
“(D) On November 9, 1966, the Office of Sheriff is hereby abolished and the powers and function of such office are hereby transferred to the County Manager, who shall provide for the continuation of all the duties and functions of this office required under the Constitution and general laws of this state. The County Manager may delegate to a suitable person or persons the powers and functions of such offi-O0U ‡

. Metropolitan Dade County Charter, Sec. 4.02. Administrative procedure.
“ * * * The organization and operating procedure of departments shall be set forth in administrative regulations which the Manager shall develop, place into effect by administrative orders, * * * ”
Code of Metropolitan Dade County, Sec. 2-91. Established; director as head; known as metropolitan sheriff; appointment; term; appointment of personnel.
“A public safety department is hereby established. The head of this department shall be the public safety director who shall also be known by the title of metropolitan sheriff. The director shall be appointed by and serve at the will of the manager. The organization and operating procedures of the department shall be described in administrative orders and regulations of the manager. The manager shall appoint such employees and other personnel as may be necessary to operate the department.
Code of Metropolitan Dade County, Sec. 2.93. Abolition of office of sheriff and transfer of duties.
“The office of sheriff of Dade County provided for by the Constitution of this state is hereby abolished and all powers, functions and equipment of such office are hereby transferred to the department of public safety. In accordance with Article VIII, Section 11 of the Florida Constitution and the Home Rule Charter, all duties and functions required under the Constitution, general laws and Special Laws of this state transferred from the sheriff of Dade County to the department of public safety shall be performed by the department of public safety * * *