Jack Dempsey PHILLIPS,
Plaintiff-Appellant,

v.

E. Wilson PURDY, Defendant-Appellee.

No. 79–1282.

United States Court of Appeals,
Fifth Circuit.

May 16, 1980.

Professor George M. Strickler, Jr., New Orleans, La. (Court-appointed), for plaintiff-appellant.

Stuart Simon, County Atty., Roy Wood, Ralph C. Rocheteau, III, Asst. County Attys., Miami, Fla., for defendant-appellee.

Before TUTTLE, AINSWORTH and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Plaintiff Jack Dempsey Phillips, a Florida state prisoner, filed this *pro se* complaint under 42 U.S.C. § 1983 against defendant E. Wilson Purdy, director/administrator of the Dade County Jail, Miami, Florida, alleging that he contracted tuberculosis while confined in the jail because of inadequate treatment for his illness and improper and unsanitary jail conditions.

The matter was referred by the district court to the United States magistrate who recommended dismissal for failure to state a claim upon which relief can be granted. The recommendation was accepted by the district court and the suit dismissed pursuant to 28 U.S.C. § 1915(d) pertaining to frivolous or malicious actions. No response was called for from the defendant nor were any responsive pleadings filed. The suit was dismissed on the pleadings because, in the opinion of the magistrate, the claim was barred by the four-year limitation period for actions founded on negligence under Fla.Stat. § 95.11(3)(a), the care of plaintiff having terminated with his transfer out of the Dade County Jail on November 19, 1973 and the complaint herein having been filed on December 6, 1978, more than five years thereafter and beyond the limitation period.

According to allegations of the complaint, plaintiff alleges that he did not discover until some time in the year 1976 the "causal connection" between prison conditions in Dade County Jail and his contracting tuberculosis. He avers that a co-detainee in the Dade County Jail had active tuberculosis, that he was placed in close confinement in the same cellblock with him for a prolonged period, that the cell lacked drinking cups, and he had on several occasions drunk from the same cup of this detainee. He also alleges that in addition to the improper conditions of jail confinement due to the negligence of defendant, he was also provided with inadequate medical attention while so confined.

■ We are unable to determine from the state of the record, since the case was dismissed without an evidentiary hearing, if the allegations in the complaint are true. Dismissal was improper under the circumstances. *See Hurst v. Phelps*, 579 F.2d 940 (5th Cir. 1978); *Rasberry v. Spradling*, 558 F.2d 257 (5th Cir. 1977). If the plaintiff is able to show a satisfactory reason why he did not learn until 1976 that his tuberculosis condition was brought about by his confinement in the Dade County Jail, the period of limitations may not have begun to run until

that time. *See Zeidler v. United States*, 601 F.2d 527 (10th Cir. 1979); *Bridgford v. United States*, 550 F.2d 978 (5th Cir. 1977); *De Witt v. United States*, 593 F.2d 276 (7th Cir. 1979). Thus it was inappropriate to dismiss the suit under the Florida statute of limitations above referred to with the paucity of facts before the court.

█ We are likewise unable to decide without the benefit of the record of an evidentiary hearing that suit was properly dismissed under 28 U.S.C. § 1915(d) pertaining to frivolous or malicious actions. Whether the deliberate indifference standard recognized in *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), is applicable here in connection with the alleged failure to provide for the medical needs of a prisoner, can best be resolved by an evidentiary hearing to establish whether plaintiff has a factual basis to support his allegations.

It is apparent that this case was not a proper one for summary dismissal and that plaintiff should have his day in court to prove his allegations if he can. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

We are informed by counsel for the defendant that the defendant, E. Wilson Purdy, as Director of Public Safety and Sheriff, was not responsible for the operation of the Dade County Jail; that on August 21, 1962 the Metropolitan Dade County Charter was amended to empower the County Manager to appoint the Director of Public Safety Department, and that on November 9, 1966, the office of Sheriff was abolished and the powers and functions of the office transferred to the County Manager; further that the traditional functions of Sheriff were divided into two administrative departments, the Public Safety Department whose primary function is law enforcement, and the Department of Corrections and Rehabilitation which is charged with responsibility for the Dade County Jail and prisoners therein. *See Bush v. State*, 367 So.2d 273 (Fla.App.1979). It is further contended by the defendant that though he was Director of Public Safety for Dade County at the time referred to in the complaint, he had no responsibility for operation of the jail which rests with the County Manager and/or Director of the Department of Corrections. The question therefore arises as to the proper defendant in this case and whether that defendant could be substituted for Sheriff Purdy on remand, pursuant to the provisions of Rule 15(c), Fed.R.Civ.P., and relate back to the date of the original filing of this suit insofar as the statute of limitations is concerned. *See Williams v. United States*, 405 F.2d 234, 237 (5th Cir. 1968); *Welch v. Louisiana Power & Light Co.*, 466 F.2d 1344 (5th Cir. 1972). All of these matters are best addressed to initial determination by the district court.

We intimate no view, by our opinion here, as to the ultimate decision in this case since that obviously must await the taking of evidence in the district court.

REVERSED AND REMANDED.