**Ernesto R. MONTANA, Jr., et al., Petitioners-Appellants,**

v.

**COMMISSIONERS COURT, et al., Respondents-Appellees.**

No. 81–1433.

United States Court of Appeals, Fifth Circuit.

Unit A

Sept. 15, 1981.

Ernesto R. Montana, Jr., pro se.

Joe Neaves, Sheriff, San Antonio, Tex., for respondents-appellees.

Before GEE, GARZA and TATE, Circuit Judges.

PER CURIAM:

While a pretrial detainee incarcerated at the Bexar County Jail in San Antonio, Texas, appellant Montana, together with a fellow inmate, sought permission from the district court to proceed in forma pauperis on a civil rights suit challenging the constitutionality of certain prison conditions. The complaint under 42 U.S.C. § 1983 named the county sheriff as one of the defendants and alleged twelve separate claims: (1) denial of conjugal visits; (2) denial of contact visits; (3) denial of adequate recreational facilities; (4) censorship of mail; (5) prohibition of pornographic publications; (6) unreasonable cell searches; (7) arbitrary punishments; (8) restrictions on use of television; (9) restrictions on use of radio; (10) failure to provide a professional hair stylist; (11) failure to provide adequate amounts of clean wearing apparel, sheets, and towels and to provide pillows, undershorts, and socks; and (12) restrictions on telephone privileges. Injunctive relief on each of these claims was sought. Without discussing the merits of any individual claim, the district court *sua sponte* dismissed the en-

tire complaint pursuant to 28 U.S.C. § 1915(d), finding that the action was frivolous and that the defects in the complaint could not be cured by amendment. The court did not rule on whether Montana qualified for in forma pauperis ("IFP") status.

Montana filed a timely notice of appeal and moved for permission to proceed IFP on appeal. The district court denied such status, certifying that an appeal would be frivolous, "wholly without merit," and would not be taken in good faith. Montana seeks review of this ruling, pointing out in his appellate pleadings that during pendency of the suit his claim concerning telephone privileges was remedied by the defendants. He does not indicate whether he is still a pretrial detainee. His appellate pleadings contain an affidavit of poverty which reveals that he is indigent.

▉ Pursuant to 28 U.S.C. § 1915(d), a district court has the authority to dismiss a case when an action is frivolous or malicious, and the authority to dismiss under section 1915(d) is broader than dismissal under Federal Rule of Civil Procedure 12. *Green v. City of Montezuma, Georgia*, 650 F.2d 648 at 650 (5th Cir. 1981), *citing Jones v. Bales*, 58 F.R.D. 453 (N.D.Ga.1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973), and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). The standard for determining the legal sufficiency of a complaint for purposes of section 1915(d), however, is the same one enunciated in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), *i. e.*, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Quoted in *Green v. City of Montezuma, Georgia*, at 651). Since Montana's complaint is pro se, it should not be held to as rigorous a standard as the formal pleadings prepared by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

## I. *Conjugal Visits.*

▉ The complaint alleges that plaintiff Montana was deprived of private physical facilities where he and his spouse could "exercise their marital physical obligations." It is well settled that "[f]ailure to permit conjugal visits does not deny an inmate a federal constitutional right." *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir.), *cert. denied*, 423 U.S. 859, 96 S.Ct. 114, 46 L.Ed.2d 86 (1975); *Tarlton v. Clark*, 441 F.2d 384, 385 (5th Cir.), *cert. denied*, 403 U.S. 934, 91 S.Ct. 2263, 29 L.Ed.2d 713 (1971) (federal prisoner). The State of Texas is not required to permit prisoners conjugal visits. *Guajardo v. Estelle*, 580 F.2d 748, 762 (5th Cir. 1978). While penal authorities in foreign countries have allowed prisoners to continue conjugal relationships with their spouses, no precedent exists for such practices in United States institutions. *See, e. g., Tarlton v. Clark*, 441 F.2d at 385. In view of the above authorities, the court's dismissal of this claim as frivolous under 28 U.S.C. § 1915(d) was proper.

## II. *Contact Visits.*

The complaint alleges that the jail only allows visits within closed glass surroundings where communication is by telephone and touching of spouse or family members is prohibited. Whether pretrial detainees have a constitutional right to contact visits is one of the questions presented in a case pending in the Supreme Court. *See Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981) (en banc), *cert. granted sub nom. Ledbetter v. Jones*, —— U.S. ——, 101 S.Ct. 3106, 69 L.Ed.2d 970 (1981). This court in *Jones v. Diamond*, 636 F.2d at 1377, held that contact visits may be denied pretrial detainees for "legitimate security reasons." In a concurring and dissenting opinion, Judge Coleman of this court, joined by Judges Ainsworth, Charles Clark, Roney, Gee, Hill, Fay, Garza, Henderson, and Reavley, opined that "[c]ontact visitation for pretrial detainees is not a right guaranteed by the Federal Constitution." 636 F.2d at 1390. In *Bell v. Wolfish*, 441 U.S. 520, 560 n.40, 99 S.Ct. 1861, 1885 n.40, 60 L.Ed.2d 447 (1979), the

Supreme Court stated that it was not expressing an opinion as to whether pretrial detainees have a constitutional right to contact visits. The Second Circuit has held that pretrial detainees have a constitutional right to contact visits. *See, e. g., Marcera v. Chinlund*, 595 F.2d 1231, 1237 (2d Cir. 1979) (*Marcera* is currently on remand to the district court); *Wolfish v. Levi*, 573 F.2d 118, 126 n.16 (2d Cir. 1978), *rev'd on other grounds sub nom. Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The First, Third, Seventh, and Tenth Circuits have held that prisoners have no constitutional right to contact visitation. *See Ramos v. Lamm*, 639 F.2d 559, 580 n.26 (10th Cir. 1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981); *Jordan v. Wolke*, 615 F.2d 749, 753–54 (7th Cir. 1980); *Inmates of the Allegheny County Jail v. Pierce*, 612 F.2d 754, 758 (3d Cir. 1979); *Feeley v. Sampson*, 570 F.2d 364, 373 (1st Cir. 1978).

█ The district court should not have dismissed this allegation as frivolous. This circuit's majority opinion in *Jones v. Diamond*, which had been decided several months before the district court's section 1915(d) dismissal, required that a full hearing be held on a claim identical to Montana's for the purpose of determining whether contact visitation may be denied for legitimate security reasons. 636 F.2d at 1377.

### III. *Inadequate Recreational Facilities.*

█ The complaint alleges that because the jail's recreational facilities are located outdoors they are inadequate for use during the winter and rainy seasons. The complaint also alleges that opportunities to use the facilities are not provided on a frequent basis. The district court's dismissal of this claim was error. *See McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979), and cases cited therein (a claim of absence of outdoor exercise may make out an eighth amendment violation); *accord Campbell v. Cauthron*, 623 F.2d 503, 507 (8th Cir. 1980); *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). The Seventh Circuit has upheld a preliminary injunction that required, *inter alia,* that the prison provide a daily hour of yard recreation to prisoners. *Preston v. Thompson*, 589 F.2d 300, 301 (7th Cir. 1978).

### IV. *Censorship of Mail.*

█ The complaint alleges, *inter alia,* that the defendant "prohibits closure of outgoing communications for censorship purposes." Dismissal of this claim was error because a pretrial detainee's first amendment rights may be violated when outgoing mail to licensed attorneys, courts, and court officials is censored. *Guajardo v. Estelle*, 580 F.2d at 758–59. The complaint also alleges censorship of incoming mail in the prisoner's presence. Dismissal of that portion of the claim may, after answer of defendants, be appropriate if the defendants allege that the censorship furthers security interests. *Id.* at 760–61.

### V. *Pornographic Publications.*

█ The complaint alleges that pornographic publications are prohibited at the jail. Dismissal of this claim was premature. Under this circuit's law, enunciated in *Guajardo v. Estelle*, 580 F.2d at 762,

> [b]efore delivery of a publication may be refused, prison administrators must review the particular issue of the publication in question and make a specific, factual determination that the publication is detrimental to prisoner rehabilitation because it would encourage deviate, criminal sexual behavior.

Censorship may not proceed according to the whims of the prison administrators. *Id.*

### VI. *Unreasonable Cell Searches.*

█ The allegation in the complaint of random, frequent cell searches outside the prisoner's presence was properly dismissed as frivolous. The Supreme Court in *Bell v. Wolfish*, 441 U.S. at 555, 557, 99 S.Ct. at 1882, 1883, upheld such searches as constitutional.

### VII. *Arbitrary Punishments.*

█ The complaint alleges that the whole cell block is punished when contra-

band is found in an individual cell or when an infraction is committed by an anonymous inmate. This claim should not have been dismissed because if the punishment of everyone for the violation of one is "arbitrary or purposeless" or "not reasonably related to a legitimate goal," it may be unconstitutional. *Id.* at 539.

VIII. *Other Claims.*

The claims relating to the usage of radio and television were properly dismissed as frivolous. These claims do not pertain to federal constitutional rights. *See Lovern v. Cox,* 374 F.Supp. 32, 34 (W.D.Va.1974). Dismissal of the claim regarding the professional hair stylist also was correct. We are unaware of any case that recognizes a detainee's constitutional right to a hair stylist.

Dismissal of plaintiff's claim number 11, relating to clean wearing apparel, however, was incorrect. *See Campbell v. McGruder,* 580 F.2d 521, 544 (D.C.Cir.1978) (district court heard testimony relating to whether pillow cases had been provided to inmates and concerning inmates' abilities to wash own underclothing).

Finally, plaintiff's original complaint alleged that prisoners were only allowed to use the telephone at the time of their arrest. Dismissal of this claim was error. District courts have guarded against unreasonable restrictions on telephone use. *See Feeley v. Sampson,* 570 F.2d at 374, and cases cited therein. It appears, however, that Montana desires to delete this claim from the complaint.

Accordingly, this was not a proper case for general summary dismissal by the district court. Montana is entitled to his "day in court." *See Mitchum v. Purvis,* 650 F.2d 647 at 648 (5th Cir. 1981); *Woodall v. Foti,* 648 F.2d 268, 272–73 (5th Cir. 1981); *Phillips v. Purdy,* 617 F.2d 139, 141 (5th Cir. 1980). As the Supreme Court recognized recently in *Rhodes v. Chapman,* —— U.S. ——, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), courts have a responsibility to scrutinize claims of cruel and unusual punishment.

The plaintiff properly filed in the district court an affidavit declaring his inability to pay. His timely motion for leave to proceed on appeal IFP should have been granted pursuant to Rule 24(a), Fed.R.App.P. Although we do not express any view concerning the merits of the plaintiff's allegations we grant IFP status, docket the appeal, vacate the district court's summary dismissal of plaintiff's claims numbered 2, 3, 4, 5, 7, and 11, affirm that of the others, and remand the case for further proceedings consistent with this opinion. Because the plaintiff's allegations satisfy the standard stated in *Conley v. Gibson, supra,* the plaintiff is entitled to an appropriate evidentiary hearing. *Compare Lewis v. Bragan,* 576 F.2d 678 (5th Cir. 1978).

AFFIRMED in part, VACATED in part and REMANDED.