Morris-DG v. Burkett, (TDCJ) 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-225-CV

Â Â Â Â Â DAVID GENE MORRIS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â R. BURKETT, MAIL ROOM SUPERVISOR,
Â Â Â Â Â TDCJ ID, HUGHES UNIT,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 26,299
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â David Morris, a prison inmate, filed a pro se petition in forma pauperis alleging that R.
Burkett, a prison mail-room clerk, wrongfully withheld and destroyed his Playboy and Celebrity
Sleuth magazines. The court dismissed the case before service of process because "the action's
realistic chance of ultimate success is slight; [and] the claim has no arguable basis in law or fact." 
See Tex. Civ. Prac. & Rem. Code Ann. Â§ 13.001(b)(1), (2) (Vernon Supp. 1992). We reverse
the judgment and remand the cause.
Â Â Â Â Â Â A court has broad discretion when determining whether to dismiss a suit as frivolous. 
Johnson v. Lynaugh, 766 S.W.2d 393, 394 (Tex. App.âTyler 1989), writ denied per curiam, 796
S.W.2d 705 (Tex. 1990). Because Morris's complaint is pro se, it must be liberally construed and
not held to as rigorous a standard as formal pleadings prepared by attorneys. See Green v.
McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).
Â Â Â Â Â Â The court dismissed the suit under section 13.001(b)(1)âbecause the action's realistic chance
of ultimate success is slightâand section 13.001(b)(2)âbecause the action had no basis in law or
fact. See Tex. Civ. Prac. & Rem. Code Ann. Â§ 13.001(b)(1), (2). Our Supreme Court has
refused to "imply approval of a dismissal of an action based solely upon section 13.001(b)(1)." 
See Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990). A complaint, however, is
frivolous under federal law and under section 13.001(b)(2) if it has no arguable basis in law or
fact. See Spellmon v. Sweeny, 819 S.W.2d 206, 211 (Tex. App.âWaco 1991, no writ). Thus,
judges can dismiss claims based on "indisputably meritless legal" theories as well as those whose
"factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827,
1833, 104 L. Ed. 2d 338 (1989).
Â Â Â Â Â Â Censorship of a prisoner's mail cannot proceed according to the whims of prison
administrators. Guajardo v. Estelle, 580 F.2d 748, 762 (5th Cir. 1978). Yet, censorship of
prison mail is justified if the regulation or practice in question furthers an important or substantial
governmental interest unrelated to the suppression of expression. Procunier v. Martinez, 416 U.S.
396, 94 S. Ct. 1800, 1811, 40 L. Ed. 2d 224 (1974), overruled on other grounds, Thornburgh v.
Abbot, -- U.S.--, 109 S. Ct. 1874, 1881, --L. Ed. 2d -- (1989). Prison officials must show that
a regulation authorizing censorship furthers a substantial interest in order, security, or
rehabilitation and that the limitations on first-amendment freedoms are no greater than necessary. 
Id.
Â Â Â Â Â Â A prisoner's first-amendment rights should be evaluated in light of the prison environment. 
Guajardo, 580 F.2d at 762. The State of Texas is not constitutionally required to permit a
prisoner to have conjugal visits. Id. It also has a significant rehabilitative interest in preventing
homosexual acts, whether between consenting or non-consenting partners. Id. Sexually explicit
publications circulated in prisons may stimulate inmates and tempt them to engage in unlawful
homosexual activities. Id.
Â Â Â Â Â Â Accordingly, the following guidelines have been established concerning the censorship of
publications to inmates: (1) "[b]efore delivery of a publication may be refused, prison
administrators must review the particular issue of the publication in question and make a specific,
factual determination that the publication is detrimental to prisoner rehabilitation because it would
encourage deviate, criminal sexual behavior"; and (2) prisoners can appeal the decision through
proper administrative channels. Id.
Â Â Â Â Â Â We find that the dismissal of Morris's complaint as frivolous before service of process was
premature. See Montana v. Commissioners Court, 659 F.2d 19, 22 (5th Cir. 1981). Once Morris
alleged that the mail-room clerk wrongfully censored and destroyed his magazines, the clerk had
the burden of showing that (1) the regulation authorizing censorship of those magazines furthered
a substantial rehabilitation interest and that the limitations on first-amendment freedoms were no
greater than necessary;


 and (2) the particular magazines were examined and a specific, factual
determination was made that they were detrimental to prisoner rehabilitation because they would
encourage deviate, criminal sexual behavior See Procunier, 94 S. Ct. at 1811; Montana, 659 F.2d
at 22.
Â Â Â Â Â Â We do not express any opinion about the merits of Morris's complaint. However, we reverse
the dismissal order and remand the cause for further proceedings consistent with this opinion.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Reversed and remanded
Opinion delivered and filed May 13, 1992
Do not publish



n a neutral
light, we hold that the jury was justified in finding Westerman guilty.  See
Watson, 204 S.W.3d at 414-15.Â  Accordingly, the evidence was factually
sufficient.Â  We overrule WestermanÂs second issue and affirm the trial courtÂs
judgment.

Â 

Â 

BILL VANCE

Justice

Â 

Before
Justice Vance, 

Â Â Â Â Â Â Â Â Â Â Â  Judge
Charles F. Baird,[1] and Judge
Stephen Ellis[2]

Affirmed

Opinion
delivered and filed May 16, 2007

Do
not publish

[CR25]









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  Judge of the 299th District
Court of Travis County, sitting by assignment of the Chief Justice of the Texas
Supreme Court pursuant to section 74.003(h) of the Government Code.Â  See
Tex. Gov't Code Ann. Â§ 74.003(h)
(Vernon 2005).

Â 





[2] Â Â Â Â Â Â Â Â Â Â Â Â Â  Judge of the 35th District Court of
Brown and Mills Counties, sitting by assignment of the Chief Justice of the
Texas Supreme Court pursuant to section 74.003(h) of the Government Code.Â  See
Tex. Gov't Code Ann. Â§ 74.003(h)
(Vernon 2005).