124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thabit Y. SALEEM, Plaintiff-Appellant,
v.
David W. HELMAN, Warden, et al., Defendants-Appellees.
 No. 96-2502.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 21, 1997.*
Decided August 21, 1997.
Rehearing Denied Sept. 18, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 96 C 1057; Joe B. McDade, Judge.
 Before CUMMINGS, BAUER and WOOD, Judges.
 
 ORDER
 
 1
 Thabit Saleem, a federal prisoner incarcerated in the Federal Correctional Institution ("FCI") in Peoria, Illinois, brought this suit against the warden at the FCI and various other prison officials. Saleem alleged that the defendants' refusal to allow him to have conjugal visits with his wife violated the Religious Freedom Restoration Act ("RFRA"), the First, Fifth, Eighth and Thirteenth Amendments to the Constitution, and 18 U.S.C. § 1091. After Saleem paid a partial filing fee and the defendants were served with process, the district court-acting sua sponte--issued an order to show cause why Saleem's complaint should not be dismissed for failure to state a claim for which relief could be granted. Fed.R.Civ.P. 12(b)(6). After Saleem responded, the district court rejected his arguments and dismissed his case. This appeal followed.
 
 
 2
 Saleem first argues that the district court improperly dismissed his case sua sponte after he paid a partial filing fee. However, district courts possess the authority under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss a case sua sponte if it is clear from the plaintiff's pleading that he does not state a claim. Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir.1997); English v. Cowell, 10 F.3d 434, 437 (7th Cir.1993); Apostol v. Landau, 957 F.2d 339, 343 (7th Cir.1992). Moreover, for claims filed in forma pauperis, 28 U.S.C. § 1915--as modified by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996)--provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted...." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).[1] This requirement of dismissal is mandatory. Thus, there was nothing procedurally improper about the district court's sua sponte dismissal of Saleem's suit.
 
 
 3
 Saleem also argues that the district court abdicated its judicial role and became an advocate for the defendants by dismissing his case sua sponte, rather than waiting for the defendants to respond to his complaint. As stated above, however, there was nothing improper about the district court's sua sponte dismissal of Saleem's case; a district court is not required to await the defendants' answer before dismissing a meritless case. Rather, once a plaintiff has paid a filing fee (whether partial or full), he need be given only notice and an opportunity to respond before the district court dismisses his case. English, 10 F.3d at 437. The district court did so in this case, and thus, the district court did not err procedurally by dismissing Saleem's case.
 
 
 4
 Saleem next argues that the district court erred substantively by dismissing his case--that is, Saleem contends his claims have merit. We review de novo the district court's dismissal of Saleem's claims. Ledford, 105 F.3d at 356.
 
 
 5
 While this case was pending on appeal, the Supreme Court of the United States held the RFRA, 42 U.S.C. §§ 2000bb to -4, to be unconstitutional. City of Boerne v. Flores, 117 S.Ct. 2157, 2160 (1997). Accordingly, we need not consider Saleem's claim under the RFRA; we therefore consider only his claims under the First, Eighth and Thirteenth Amendments, and 18 U.S.C. § 1091.[2]
 
 
 6
 Under pre-RFRA First Amendment law, prison regulations that impinge upon a prisoner's exercise of his religion are constitutional so long as they are reasonably related to a legitimate penological interest. O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987); Canedy v. Boardman, 91 F.3d 30, 33 (7th Cir.1996); Hunafa v. Murphy, 907 F.2d 46, 47 (7th Cir.1990). The Supreme Court has held explicitly that the denial of contact visits is a legitimate means of ensuring prison security. Block v. Rutherford, 468 U.S. 576, 586 (1984). A contact visit is one in which a prisoner is allowed physical contact with his visitor. See, e.g., Caldwell v. Miller, 790 F.2d 589, 593 n. 2 (7th Cir.1986). Such contact may be limited to kissing, hugging and handshaking, id., or may--in the case of a conjugal visit--include sexual relations. It necessarily follows that if prisons may prohibit all contact between prisoners and visitors to protect prison security, prisons may deny conjugal visits for that reason. Because the FCI's prohibition against conjugal visits is reasonably related to a legitimate penological interest, any incidental infringement on Saleem's practice of his religion does not violate the First Amendment.[3]
 
 
 7
 A condition of confinement--such as the denial of conjugal visits--violates the Eighth Amendment only if it deprives a prisoner of "the minimal civilized measure of life's necessities"; "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and internal quotation marks omitted). We have previously held that a denial of contact visitation altogether does not violate the Eighth Amendment. Caldwell, 790 F.2d at 601 n. 16. Moreover, although most other courts to consider the denial of conjugal visits to prisoners have done so in the context of Fourteenth Amendment due process claims, not one court has ever held such a denial to violate the Constitution.[4] Thus, we agree with the district court that, as a matter of law, the denial of conjugal visits to a prisoner does not violate the Eighth Amendment.
 
 
 8
 Saleem's reliance on the Thirteenth Amendment is misplaced. That Amendment specifically excludes from its scope "punishment for crime whereof the party shall have been duly convicted." U.S. Const. amend XIII, § 1. Saleem does not deny that he has been duly convicted of a crime, and thus, he has no claim under the Thirteenth Amendment.
 
 
 9
 Finally, we address Saleem's claim under 18 U.S.C. § 1091. Section 1091 is a criminal statute that prohibits genocide. Saleem asserts that, given the number of black males currently incarcerated, the denial of conjugal visits to them constitutes genocide. However, private persons generally have no right to enforce criminal statutes or to sue under them unless the statute also creates a private right of action. Ragsdale v. Turnock, 941 F.2d 501, 509 (7th Cir.1991) (Posner, J., concurring), cert denied, 502 U.S. 1035 (1992). Nothing in § 1091 suggests that Congress intended to create a private right of action, and it is the burden of the party seeking to assert an implied private right of action to demonstrate that Congress intended to make such a right available. See Suter v. Artist M., 503 U.S. 347, 363-64 (1992) (citing Cort v. Ash, 422 U.S. 66 (1975)). Saleem does not even attempt to meet his burden, and thus, we conclude that he has no cause of action based upon § 1091.
 
 
 10
 Accordingly, none of the theories Saleem advanced before the district court stated a claim for which relief could be granted. The district court therefore correctly dismissed his case.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Saleem contends that § 1915(e)(2) is unconstitutional because it differentiates between indigent plaintiffs who are incarcerated and those who are not. Without addressing the question of whether that distinction--made in other subsections of § 1915--is valid, we note simply that nothing in § 1915(e) makes such a distinction. Rather, that subsection applies to all cases in which the plaintiff is proceeding in forma pauperis under § 1915
 
 
 [2]
 Saleem makes no mention of his Fifth Amendment claim in his appellate brief Accordingly, he has waived that claim. Fed. R.App. P. 28(a)(6). See Gagan v. American Cablevision, Inc., 77 F.3d 951, 965 (7th Cir.1996) (failure to cite any factual or legal basis for an argument waives it); Bratton v. Roadway Package Sys., Inc, 77 F.3d 168, 173 n. 1 (7th Cir.1996) (argument that is not developed in any meaningful way is waived)
 
 
 [3]
 Moreover, we note that Saleem does not allege that the defendants have in any other way limited his ability to practice his religion. The availability of other avenues of religious observance supports the conclusion that the FCI's prohibition of conjugal visits is reasonable. See O'Lone, 482 U.S. at 352
 
 
 [4]
 See, e.g., Hernandez v. Coughlin, 18 F.3d 133, 137 (2d Cir.), cert. denied, 513 U.S. 836 (1994); Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987); Montana v. Commissioners Court, 659 F.2d 19, 21 (5th Cir.1981), cert. denied, 455 U.S. 1026 (1982); Ramos v. Lamm, 639 F.2d 559, 580 n. 26 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981); Feeley v. Sampson, 570 F.2d 364, 372-73 (1st Cir.1978); McCray v. Sullivan, 509 F.2d 1332, 1334-35 (5th Cir.), cert. denied, 423 U.S. 859 (1975); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975)