IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60572
Summary Calendar
_____

BERNARD JONES,

                                        Plaintiff-Appellant,

versus

JAMES A. RILEY, Sheriff; ROBERT SMITH;
DESOTO COUNTY BOARD OF COMMISSIONERS,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:97-CV-3-B-B
- - - - - - - - - -
November 2, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Bernard Jones, Mississippi prisoner # 65750, appeals the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
suit pursuant to a motion for judgment as a matter of law.  On
appeal, Jones argues (1) that Deputy Smith exhibited deliberated
indifference to Jones' serious medical needs because Smith,
despite not being a trained medical professional, initially
treated Jones' injury; (2) that Deputy Smith inflicted cruel and
unusual punishment when he forced Jones to lie on the cold prison

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

floor in an awkward position and when he kicked Jones in the head; (3) that the DeSoto County Board of Commissioners should be held liable for Deputy Smith's actions; (4) that the defendants conducted unconstitutional prison cell searches; (5) that the district court erred when it failed to control Michael Morgan's testimony and failed to impeach his testimony; and (6) that the district court erred when it denied Jones' request for a jury trial and conducted a trial before a magistrate judge without Jones' consent.

When a district court enters a judgment as a matter of law in the context of a nonjury trial, this court reviews the district court's findings for clear error. *See* Fed. R. Civ. P. 52(c); *Southern Travel Club v. Carnival Airlines*, 986 F.2d 125, 128-29 (5th Cir. 1993). Deputy Smith and the defendants were not deliberately indifferent to Jones' serious medical need. To the contrary, Jones admits that they immediately treated his head wound and transported him to a hospital where he received treatment from a physician. *See Hare v. City of Corinth*, 74 F.3d 633, 642 (5th Cir. 1996)(en banc).

The district court did not err when it concluded that Deputy Smith did not inflict cruel and unusual punishment when he kicked Jones in the head. The trial testimony indicated that Deputy Smith accidentally kicked Jones in the head while he was involved in an altercation with an unruly inmate. At most, Jones demonstrated mere negligence and not deliberateness on Deputy Smith's part. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)(holding that there is no liability for mere negligence in a

§ 1983 suit). Deputy Smith did not inflict cruel and unusual punishment when he forced Jones to lie face down on the prison floor. By Jones' admission, he was required to lie down so that prison officials could search the prison cells for a cigarette lighter. The action was not intended as punishment and thus does not support a § 1983 claim. *See id.* Moreover, the prison cell searches did not violate Jones' constitutional rights. *See Montana v. Commissioners Court*, 659 F.2d 19, 22 (5th Cir. 1981).

Jones has failed to demonstrate any unconstitutional customs or practices perpetrated by the DeSoto County Board of Commissioners. The DeSoto County Board cannot be held liable under a theory of vicarious liability or respondeat superior. *See Baskin v. Parker*, 602 F.2d 1205, 1207-08 (5th Cir. 1979).

The district court did not err when it failed to control or impeach Michael Morgan's testimony. Jones had the opportunity to elicit favorable testimony from Morgan, whom he called to the witness stand, but Morgan simply had nothing favorable to offer on Jones' behalf.

Contrary to Jones' contention, the magistrate judge was not required to seek the consent of the parties to conduct a statutorily authorized 28 U.S.C. § 636(b)(1)(B) hearing. *See Sockwell v. Phelps*, 906 F.2d 1096, 1097 (5th Cir. 1990). Although the district court erred when it denied Jones' request for a jury trial, the error was harmless because the evidence presented at the bench trial could not withstand a motion for judgment as a matter of a law. *See Jennings v. McCormick*, 154

F.3d 542, 546 (5th Cir. 1998).  Accordingly, the district court's judgment is AFFIRMED.