United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51258
Summary Calendar
_____

BRIAN LEE MOORE,

Plaintiff-Appellant,

versus

MARGO FRASIER,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CV-119
---------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brian Lee Moore, Texas inmate #1086312, proceeding pro se, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 complaint. Moore contends that while he was confined in the Travis County Jail, he was required to wear full restraints during his recreation time and was denied the right to exercise. He asserts that the restraints were ordered in retaliation for his refusal to identify the person who helped him escape from the jail. Moore contends that a genuine issue of material fact

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

existed concerning the reason for the restraints and should have precluded the grant of summary judgment.

We review the grant of summary judgment de novo and consider the evidence and inferences to be drawn from the evidence in the light most favorable to the nonmovant. Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). Summary judgment is proper if there is no genuine issue of material fact and "the moving party is entitled to a judgment as a matter of law." Id.; FED. R. CIV. P. 56(c). To defeat summary judgment, the nonmovant must set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56 (e). The nonmovant cannot meet his burden with conclusional allegations, unsubstantiated assertions, or a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

A condition or restriction may not be imposed during detention for punitive purposes. Bell v. Wolfish, 441 U.S. 520, 535 (1979). The effective management of a facility is a legitimate objective that may justify the imposition of certain conditions and restrictions and dispel inferences that a restriction was imposed for punishment. Id. at 540. The absence of outdoor exercise opportunities may constitute a violation of the Eighth Amendment. See Montana v. Comm'rs Court, 659 F.2d 19, 22 (5th Cir. 1981); McGruder v. Phelps, 608 F.2d 1023, 1025 (5th Cir. 1979).

Moore did not produce summary judgment evidence from which one could infer that a retaliatory motivation inspired the order that he wear full restraints during his exercise period.  Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).  He did not meet his burden of producing competent summary judgment evidence to show that the restraints were imposed for a punitive purpose rather than for a legitimate objective.  See Bell, 441 U.S. at 535, 540.

The judgment of the district court is AFFIRMED.