# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-30770
Summary Calendar

RUSSELL HEWITT

Plaintiff-Appellant

v.

ROBERT HENDERSON; NATHAN CAIN; ROY WILLIAMS; HERBERT RAGLE; ANGIE PIERCE; MARCUS MYERS; DAVID CLOUSE; GENE WILSON; BRENT THOMPSON; ROBBIE BERUBE; LINDA RAMSAY; DELANIE BURGESS

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CV-1697

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Russell Hewitt, Louisiana prisoner # 331926, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915 & 1915A(b)(1). Hewitt alleges that the defendants have subjected him to cruel and unusual punishment by denying him the opportunity to participate in out-of-cell

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recreation during his confinement in administrative segregation. Hewitt contends that he has been psychologically and physically damaged by the defendants' imposition of absolute cell confinement and asserts that the district court failed to consider that the total deprivation of out-of-cell exercise violates the Eighth Amendment. Hewitt further argues that the district court failed to undertake the required factual inquiry into the constitutionality of the defendants' absolute prohibition against exercise or the sufficiency of defendants' justifications for its exercise policy.

The district court is directed to dismiss a complaint filed by a prisoner if the complaint is frivolous or fails to state a claim upon which relief may be granted. See §§ 28 U.S.C. 1915A(b)(1) & 1915(e)(2)(B). Because the district court dismissed Hewitt's claims as both frivolous and for failure to state a claim, our review is de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is "frivolous" if it lacks "an arguable basis in law or fact." Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). A plaintiff fails to state a claim upon which relief can be granted when the complaint does not contain "'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

To establish an Eighth Amendment violation for conditions of confinement, an inmate must show that the alleged violation was sufficiently serious, i.e., that it deprived him of the most minimal level of life's necessities, and that prison officials acted with deliberate indifference to his health or safety. Farmer v. Brennan, 511 U.S. 825, 834, 847 (1994); Wilson v. Seiter, 501 U.S. 294, 303 (1991). The Supreme Court has identified exercise as "an identifiable human need" protected by the Eighth Amendment. Wilson, 501 U.S. at 304-05. This court has held that deprivation of exercise may constitute an impairment of health, which is actionable under the Eighth Amendment, and that the absence of outdoor exercise opportunities may constitute an Eighth Amendment

2

violation. See Green v. Ferrell, 801 F.2d 765, 771-72 (5th Cir. 1986); Ruiz v. Estelle, 679 F.2d 1115, 1152 (5th Cir.), modified, 688 F.2d 266 (5th Cir. 1982); Montana v. Commissioner's Court, 659 F.2d 19, 22 (5th Cir. 1981), abrogation on other grounds recognized by Henslee v. Lopez, 20 F.3d 470 (5th Cir. 1994). This court has suggested that deprivation of exercise claims should be evaluated on a case-by-case basis using, inter alia, the following criteria: (1) the size of the inmate's cell; (2) the amount of time the inmate spends locked in his cell each day; and (3) the overall duration of the inmate's confinement. Ruiz, 679 F.2d at 1152; Green 801 F.2d at 771.

The record in the instant case has not been developed on the specifics of the exercise prohibition to which Hewitt has been subject or the particulars of the exercise alternatives available to him. Furthermore, in reaching its conclusion that Hewitt's claims were frivolous and failed to state a claim on which relief could be granted, the district court did not sufficiently inquire into Hewitt's particular conditions of confinement and the exact manner in which the defendants have applied the exercise prohibition to him. See Ruiz, 679 F.2d at 1152. For instance, the record is incomplete concerning, inter alia, the particular size of Hewitt's cell or the degree to which in-cell exercise in fact was practicable; whether Hewitt is provided with some form of regular out-of-cell exercise or an otherwise appropriate exercise alternative; whether Hewitt has exposure to fresh air and sunlight during his recreation periods; the amount of time that Hewitt is required to spend in his cell each day; the prospective length of Hewitt's imprisonment; and the amount of time that Hewitt already has been in administrative segregation. These factors and other specific details of Hewitt's conditions of confinement ultimately are determinative of whether Hewitt has stated an Eighth Amendment claim for deprivation of adequate exercise opportunities. See McGruder v. Phelps, 608 F.2d 1023, 1025 (5th Cir. 1979); Montana, 659 F.2d at 22; Ruiz, 679 F.2d at 1152.

Thus, treating Hewitt's allegations as "true (even if doubtful in fact)" under the revised FED. R. CIV. P. 12(b)(6) standard set forth in Bell Atlantic Corp., 127 S. Ct. at 1965, Hewitt's pleadings contain "'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Canal, 495 F.3d at 205 (quoting Bell Atl. Corp., 127 S. Ct. at 1974). For similar reasons, his claims are not frivolous because they do not lack "an arguable basis in law or fact." Berry, 192 F.3d at 507. The district court therefore erred in dismissing Hewitt's complaint at this stage of the proceedings. Furthermore, to the extent that Hewitt is challenging the prohibition against out-of-cell exercise as a disciplinary tool, the additional facts developed on remand also will inform the analysis. See Turner v. Safley, 482 U.S. 78, 89 (1987).

For the foregoing reasons, we VACATE the judgment of the district court and REMAND this case for further proceedings consistent with this opinion. We express no opinion as to the ultimate disposition of the case.