# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────

No. 13-60451
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2014

Lyle W. Cayce
Clerk

────────

RAYMOND V. GUTIERREZ,

Plaintiff−Appellant,

versus

CORRECTIONS CORPORATION OF AMERICA,

Defendant−Appellee.

────────────

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:13-CV-98

────────────

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Raymond Gutierrez, California prisoner # F-12264, appeals the

────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60451

dismissal of his 42 U.S.C. § 1983 action against Corrections Corporation of America ("CCA") as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). He also moves for appointment of counsel; that motion is DENIED.

Gutierrez is confined in a CCA facility in Mississippi. His action arose from the denial of his request for Catholic-oriented television programming from the Eternal Word Television Network ("EWTN") in light of the broadcast of non-denominational programming from the Trinity Broadcasting Network ("TBN"), which Gutierrez characterizes as Protestant-oriented.

Gutierrez contends that the district court erred by denying his post-judgment motion to amend the complaint. He avers that he stated his Equal Protection Clause claim in the motion to amend sufficiently for that claim to proceed. He lists other claims that he also put into his motion to amend, but he fails to brief those claims or to address whether the district court erred by declining to allow him to amend the complaint to add them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court did not abuse its discretion by denying Gutierrez's postjudgment motion to amend the complaint to elaborate on the Equal Protection Clause argument that already had been raised and decided. *See Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995).

Gutierrez claims he was deprived of equal protection of the law because CCA does not provide EWTN programming for Catholic prisoners but provides TBN programming for Protestant prisoners. He notes that an Arizona district court found that a similar claim he raised while incarcerated in a CCA facility there stated a violation sufficient to require a response before that case was dismissed for failure to exhaust administrative remedies.

A complaint is frivolous if it lacks "an arguable basis in law or fact," and dismissal on that ground is reviewed for abuse of discretion. *Berry v. Brady,*

2

192 F.3d 504, 507 (5th Cir. 1999).  Dismissal for failure to state a claim is reviewed *de novo*, applying the standard used to review a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Hart v. Hairston,* 343 F.3d 762, 763–64 (5th Cir. 2003).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Because the district court dismissed the complaint both as frivolous and for failure to state a claim, the dismissal is reviewed *de novo.  See Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

To establish a claim under the Equal Protection Clause, Gutierrez "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent."  *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).  The Clause does not require "that every religious sect or group within a prison—however few in numbers—must have identical facilities or personnel"; it requires only that prison officials afford inmates "reasonable opportunities . . . to exercise the religious freedom guaranteed by the First and Fourteenth Amendment[s]."  *Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007) (internal quotation marks and citation omitted).

Gutierrez does not allege any discriminatory intent on the part of CCA.  A document attached to his complaint indicated that the Religious Review Committee ("RRC") reporting to the California Department of Corrections indicated that TBN is a "non-denominational channel" carrying programming

from various denominations.  It is not evident from the record whether any specifically Catholic programming is carried on the channel or whether the teachings on the channel could be considered consistent with Catholic doctrines and practices, and CCA's prisons presumably house a fair number of Catholic prisoners.  However, the RRC determined that it was not feasible to provide each religious denomination with a specific television channel.  If CCA were required to provide every prisoner of a particular faith with access to a religion-specific television channel because TBN is broadcast into CCA facilities, that might "spawn a cottage industry of litigation and could have a negative impact on prison staff, inmates, and prison resources."  *Id.* at 122 (internal quotation marks and citation omitted).  Moreover, Gutierrez has made no allegation suggesting that Catholic prisoners are not able to attend Mass or engage in the sacraments, study the Bible and other teachings, or otherwise exercise their right to practice their religion.  *See id.* at 123.  Additionally, Gutierrez has no constitutionally protected right to watch television.  *Montana v. Comm'ns Court*, 659 F.2d 19, 23 (5th Cir. Unit A Sept. 1981) (per curiam).

Gutierrez's allegations suggest at most that Catholic prisoners have less access to television programming specific to their faith than do Protestant prisoners.  Gutierrez has failed to state a plausible claim of a violation of the Equal Protection Clause.  *See Iqbal,* 556 U.S. at 678.  Additionally, the Arizona district court's finding that Gutierrez's equal protection claim was sufficient to warrant a response was not relevant to the ultimate dismissal of that complaint, *see Gutierrez v. Corr. Corp. of Am.*, No. 2:10-CV-00117, 2011 WL 2836705 (D. Ariz. July 18, 2011), is not precedential in this circuit, *see Orellana-Monson v. Holder*, 685 F.3d 511, 520 (5th Cir. 2012), and is not persuasive in light of this court's jurisprudence addressing the Equal Protection Clause, dismissal for failure to state a claim, and dismissal as frivolous.

No. 13-60451

The district court did not err by dismissing Gutierrez's complaint as frivolous and for failure to state a claim. *See Geiger,* 404 F.3d at 373.

The appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. The dismissal of the § 1983 action and the dismissal of this appeal both count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). Gutierrez is cautioned that, if he accumulates three such strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).