Francis C. BIENVENU,
Petitioner-Appellant,

v.

BEAUREGARD PARISH POLICE JURY,
Respondent-Appellee.

No. 82–4522.

United States Court of Appeals,
Fifth Circuit.

May 31, 1983.

---

Francis C. Bienvenu, pro se.

J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., William C. Pegues, III, Beauregard Parish Dist. Atty., Lake Charles, La., for respondent-appellee.

Before RUBIN, JOHNSON and WIL-LIAMS, Circuit Judges.

PER CURIAM:

Appellant Francis C. Bienvenu, now a prisoner at Louisiana's Hunt Corrections Center, filed a civil rights suit in federal district court alleging that conditions at a Louisiana parish jail had caused him severe harm. The allegations in his complaint are reproduced below, verbatim:

I, Francis C. Bienvenu, was denied and deprived of adequate facilities and was exposed to cold and filthy in the Beauregard Parish Jail, from September 8, 1981 thru September 22, 1981, and that i was a Pre-Trial detainee, Plaintiff here was unconvicted misdemeananta held for Bond, that the Police Jurys of Beauregard Parish did Knowingly intentionally and maliciously denied and deprived the said Francis C. Bienvenu Adequate Facilities By refusing to fix the Beauregard Parish Jail, that is own by the Parish of Beauregard Police Jurys and or the Parish of Beauregard, DeRidder, La., and that jail was an unmitigated disgrace, the jail was infested with Roaches and Raining in the Jail and fog all over the cell because of no window Pains and no screens and inoperative showers facilities, scum encrusted toitle and filthy Washing Facilities, Subhuman Conditions in the Jail violated Civilized Standards of human decency were prisoner was, as a Proximate Cause of the above described unlawful and intentionally Acts of the defendants, Plaintiff suffered sever Emotional and Mental stress and Physical Pains and Embarrassment by reasons of which Plaintiff is entitled to an awared of Punitive damages in the Sum of $190,000.00 Dollars, Plaintiff further Prays this Court will grant his petition.

Bienvenu also requested actual damages in the amount of $950,000. On the very day on which Bienvenu filed his complaint, the district court granted leave to proceed in forma pauperis and dismissed the action, holding that Bienvenu's "allegations do not rise to constitutional dimensions." Bienvenu filed a timely notice of appeal, a motion to proceed on appeal in forma pauperis, and an application for a certificate of probable cause. The district court allowed the appeal in forma pauperis.

The action is presently before us on Bienvenu's motion for appointment of counsel to represent him on appeal. We deny the motion. Instead, we order his appeal docketed, vacate the district court's summary dismissal of his action and remand the case for proceedings consistent with this opinion.

Proceedings in forma pauperis are governed by 28 U.S.C. § 1915. A federal court is empowered to:

> request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

28 U.S.C. § 1915(b). In this case, the district court recognized that Bienvenu was economically eligible to bring the suit in forma pauperis, *see* 28 U.S.C. § 1915(a). Clearly the district court's dismissal of Bienvenu's suit was not effected pursuant to section 1915(d): first, the court makes no mention of frivolousness or of bad faith; second, the court expressly certified the appeal as "taken in good faith." The court's dismissal appears to have been effected, therefore, pursuant to Fed.R.Civ.P. 12. Whether the district court dismissed the cause under Rule 12 or under section 1915(d), the distinction is purely academic. Dismissal under either would be improper.

A district court's authority to dismiss a claim under Fed.R.Civ.P. 12 is more narrow than its authority under section 28 U.S.C. § 1915(d). *Montana v. Commissioner's Court,* 659 F.2d 19, 21 (5th Cir.1981), *cert. denied,* 455 U.S. 1026, 102 S.Ct. 1730, 72 L.Ed.2d 147 (1982); *Green v. Montezuma,* 650 F.2d 648, 650–51 (5th Cir.1981). But the standard for determining the legal sufficiency of a complaint is the same under either, *Montana v. Commissioners Court,* 659 F.2d at 21. A complaint must not be dismissed unless the court is satisfied "beyond doubt" that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Wright v. El Paso*

County Jail, 642 F.2d 134, 135 (5th Cir. 1981); *Bruce v. Wade,* 537 F.2d 850, 852 (5th Cir.1976). Moreover, Bienvenu's handwritten pro se complaint is to be liberally construed regardless of how inartfully Bienvenu has pleaded his claim. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Wright v. El Paso County Jail,* 642 F.2d at 135.

The district court relied upon *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 and *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), in dismissing Bienvenu's claim.[1] From *Paul* the district court derived the basic propositions that not every governmentally-inflicted tort gives rise to a violation of the fourteenth amendment, 424 U.S. at 699, 96 S.Ct. at 1159, and that Bienvenu "must point to a specific constitutional guaranteed safeguard in the interest he alleges has been invaded," *citing id.* at 700–701, 96 S.Ct. at 1160. But *Gamble* belies the court's authority to dismiss Bienvenu's complaint. In *Gamble,* the Supreme Court began its discussion by noting that "[b]ecause the complaint was dismissed for failure to state a claim, we must take as true its handwritten, *pro se* allegations." *Estelle v. Gamble,* 429 U.S. at 99, 97 S.Ct. at 288. The court explained that the *"deliberate indifference* to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Id.* at 104, 97 S.Ct. at 291 (emphasis added) (citation omitted). The opinion went on to clearly set forth a pleading standard in § 1983 actions of similar ilk:

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical need. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Id.* at 106, 97 S.Ct. at 292.

*Gamble* is factually distinguishable from the instant case in that Bienvenu has not

---

1. Both cases involve a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).

alleged that the state has abdicated a constitutionally-required responsibility to attend to his medical needs. Nonetheless the case is instructive on the sufficiency of Bienvenu's pleadings. From the above-quoted language in *Gamble,* it would appear that Bienvenu has succeeded in alleging facts which make out a cause of action under § 1983 and the eighth and fourteenth amendments. First, as the Supreme Court noted in *Gamble,* the district court was required to "take as true" Bienvenu's allegations. *Id.* at 99, 97 S.Ct. at 288. Second, the court could not properly dismiss the action unless satisfied that none of the alleged facts, if proven, would entitle Bienvenu to relief. *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 101–102. Moving to the sufficiency of Bienvenu's complaint, it is important to note that Bienvenu has alleged that the defendant party did "knowingly, intentionally and maliciously" deny him adequate facilities.

[3, 4] In this respect his complaint is distinguishable from that in *Gamble,* where no more than *negligence* was alleged. *See Estelle v. Gamble,* 429 U.S. at 106–08, 97 S.Ct. at 292–93. Furthermore, while Bienvenu's complaint does not specifically articulate a claim that the "totality of conditions" of his confinement violated the eighth amendment, he has averred detailed facts which appear to satisfy—at the pleading stage—recent civil rights jurisprudence announced in this Circuit and in the Supreme Court. *See Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (considering the limitation the eighth amendment imposes "upon the conditions in which a State may confine those convicted of crimes," *id.* at 343–45, 101 S.Ct. at 2397–98, and noting that the "serious deprivation of basic human needs . . . could be cruel and unusual under the contemporary standard of decency that we recognized in *Gamble.*" *Id.* at 347, 101 S.Ct. at 2399 (citation omitted)); *Montana v. Commissioners Court,* 659 F.2d 19 (5th Cir.1981) (holding that the dismissal of a *pro se* prisoner's complaint was improper because the complaint alleged facts which, if proven, would establish an eighth amendment violation.

*Id.* at 22–23.) Clearly, Bienvenu's statements that the defendant party intentionally subjected him to a cold, rainy, roach-infested facility and furnished him with inoperative, scum-encrusted washing and toilet facilities sufficiently alleges a cause of action cognizable under 42 U.S.C. § 1983 and the eighth and fourteenth amendments. *See Ruiz v. Estelle,* 679 F.2d 1115, 1137–40 (5th Cir.) amended in part and vacated in part, 688 F.2d 266 (1982); *Jones v. Diamond,* 636 F.2d 1364, 1373–74 (5th Cir.1981) (en banc), *cert. dismissed* 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981) (articulating the "totality of conditions" test, *id.* at 1368, and holding that the combined impact of the indecent conditions at a state prison constituted cruel and unusual punishment). *See also Sampson v. King,* 693 F.2d 566, 568–69 (5th Cir.1982); *Stewart v. Winter,* 669 F.2d 328, 335–36, 335 n. 17 (5th Cir. 1982). The district court's summary dismissal of Bienvenu's complaint wrongfully deprived him his "day in court". *Montana v. Commissioners Court,* 659 F.2d at 23; *Bruce v. Wade,* 537 F.2d at 852–53; *see Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 101–102.

Bienvenu's complaint states a valid cause of action under the eighth and fourteenth amendments and 42 U.S.C. § 1983. Although his complaint was inexpertly and inartfully drafted, it was error for the district court to dismiss the action without allowing Bienvenu an opportunity to prove that his claims are meritorious. *See, e.g., Montana v. Commissioners Court,* 659 F.2d 19. Federal courts have a responsibility to scrutinize claims of cruel and unusual confinement, *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 2401, 69 L.Ed.2d 59 (1981).

In *Lewis v. Bragan,* 576 F.2d 678 (5th Cir.1978), this Court entertained a motion for appointment of counsel in a case in which the district court had summarily dismissed a section 1983 claimant's suit. Noting that the district court's dismissal had been in error, *id.* at 679, this Court (1) denied the claimant's petition for appointment of counsel, (2) docketed the full appeal, (3) vacated the district court's summa-

ry dismissal of the action; and (4) remanded the case for further proceedings. *Id.*; *see Montana v. Commissioner's Court,* 659 F.2d at 23. We find this approach persuasive and preferable, *see Clark v. Williams,* 693 F.2d 381, 382 (5th Cir.1982), and so ORDER.[2]

On remand, the defendant shall be required to file an answer to the plaintiff's complaint. If the defendant's and the plaintiff's allegations conflict, the plaintiff is entitled to an appropriate evidentiary hearing or further proceedings in which the existence of a genuine dispute of material fact can be determined.

VACATED AND REMANDED.

---

2. We urge the district court to give early consideration to a *sua sponte* appointment of counsel to represent Bienvenu. *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir.1982); *Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir.1982); *Slavin v. Curry,* 690 F.2d 446, 448 (5th Cir.1982); *see* 28 U.S.C. § 1915(d).