# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2007

Charles R. Fulbruge III
Clerk

No. 06-30540
Summary Calendar

STEVEN AUBREY BURNETTE

Plaintiff-Appellant

v.

BUREAU OF PRISONS; HARLEY LAPPIN; RONALD G THOMPSON; ROBERT TAPIA; FREDERICK MENIFEE; J T RATHMAN; FREDERICK JEFFERSON; BRUCE FREAS; DR PASSAO; RANDY BRANDT; HENRY BOWERS; MR BYNUM; MR TAYLOR; STEPHEN DIXON; DIANE PRUETT DIXON; B BORDELON; JOHN TRENEY; ELEZAR GARCIA; MILTON B WHITE

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CV-1804

Before KING, DAVIS, and CLEMENT, Circuit Judges

PER CURIAM:[*]

Steven Aubrey Burnette, federal prisoner # 08307-084, filed a lawsuit pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), complaining that his civil rights were violated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when federal Bureau of Prisons (BOP) employees placed him and another prisoner in a "strip-cell" at the Special Housing Unit (SHU) at the federal prison in Pollock, Louisiana. In addition to seeking $16.35 million in damages, Burnette sought injunctive relief.

The magistrate judge (MJ) assigned to the case reviewed Burnette's pleadings and recommended that all of Burnette's claims be dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The district court concurred with the MJ's reasoning and denied and dismissed Burnette's lawsuit. Burnette timely filed a notice of appeal.

We review the dismissal of a complaint under § 1915(e)(2)(B)(i) as frivolous for abuse of discretion, Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005), and we review the dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim under the same de novo standard of review applicable to dismissals made pursuant to FED.R.CIV.P. 12(b)(6). Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); see also In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (de novo review of dismissal for failure to state a claim using revised FED. R. CIV. P. 12(b)(6) standard). Because the district court referred to both sections of the statute when it dismissed Burnette's complaint, review here is de novo. See Geiger, 404 F.3d at 373.

Burnette first contends that the conditions of his confinement in an SHU "strip-cell" violated his rights under the Eighth Amendment, which protects inmates from cruel and unusual punishment and imposes a duty on prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Treating Burnette's allegations as "true (even if doubtful in fact)" under the FED. R. CIV. P. 12(b)(6) standard set forth in Bell Atlantic Corp. v. Twombly, Burnette's pleadings contain "enough facts to state a claim to relief that is plausible on its face" with respect to some of the BOP officials named in his lawsuit. Bell Atl.

Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1974 (2007). According to his pleadings, Burnette was forced to share a trash bag as a toilet with an inmate who was mentally unstable, and Burnette could not escape the smell or leaking of the bagged sewerage in his indoor cell because BOP officials refused to allow the cell-mates to remove the bagged sewerage and sealed the cell door with tape. In a similar case, we found that less egregious deprivations of toilet facilities during a prisoner's outdoor confinement stated a prima facie claim under the Eighth Amendment. See Palmer v. Johnson, 193 F.3d 346, 352-53 (5th Cir. 1999).

Burnette also alleged that several prison officials either ordered the conditions of his confinement in the SHU strip-cell or were aware of but deliberately indifferent to those conditions. Burnette alleged that Lt. Henry Bowers made good on an earlier threat by ordering Burnette's confinement in the strip-cell under the conditions described in Burnette's pleadings. Burnette alleged that Capt. Federick Jefferson authorized the conditions of Burnette's detention in the strip-cell. Burnette also stated that on October 17, 2004, Associate Warden J.T. Rathman observed the "inhumane conditions" of Burnette's confinement, but after interviewing Burnette in a separate room, Rathman ordered Burnette's return to the strip-cell. On October 19 and 20, 2004, the institutional duty officer, Bruce Freas, became aware of the conditions of Burnette's confinement, indicated his disapproval, and stated that he would file a complaint to the Warden, but Burnette alleges that Freas failed to do so. Thus, Burnette alleged "'enough facts to state a claim to relief that is plausible on its face'" with respect to his claims against Lt. Bowers, Capt. Jefferson, Associate Warden Rathman, and Duty Officer Freas regarding the conditions of his strip-cell confinement. In re Katrina Canal, 495 F.3d at 205 (quoting Bell Atl. Corp., 127 S. Ct. at 1974); see also Palmer, 193 F.3d at 352-53. For similar reasons, these claims do not lack "an arguable basis in law or fact." Berry, 192 F.3d at 507. Accordingly, we vacate the district court's judgment in part and

remand for further consideration of these claims. By contrast, Burnette's allegations of Eighth Amendment violations by Lt. Garrows, Lt. Bynum, and Dr. Gallager do not meet these standards, and the dismissal of those claims is affirmed.

Burnette also argues that the district court erred in dismissing his claims regarding deliberate indifference to his medical and psychological needs, but these claims are frivolous. Burnette alleged that Dr. N. Pasao and Chief Psychologist Randy Brandt failed to treat him properly, but records that Burnette submitted with his pleadings show that Burnette was treated by Dr. Pasao and visited by Brandt on the dates in question. Accordingly, Burnette was not denied care, and his allegations, at most, "amount to a disagreement" with his treatment and "fall short of a constitutional or federal claim." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); see also Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001). Moreover, Burnette does not identify any harm that resulted from any denial or delay of medical or psychological treatment. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (1993). Therefore, the district court's dismissal of Burnette's claims concerning the denial or delay of medical and psychological care as frivolous and for failure to state a claim was not erroneous and will be affirmed.

Burnette contends that the district court erred in dismissing his retaliation claims. Burnette alleged that in response to his objections regarding the addition of inmates to his cell, BOP staff by shut off his water, cancelled his recreation privileges, confiscated his bedding and reading materials, and began writing retaliatory and unwarranted incident reports against Burnette. Thus, Burnette alleged "'enough facts to state a claim to relief that is plausible on its face'" with respect to his retaliation claims. In re Katrina Canal, 495 F.3d at 205 (quoting Bell Atl. Corp., 127 S. Ct. at 1974); see Woods v. Smith, 60 F.3d 1161, 1164-66 (5th Cir. 1995). For similar reasons, these claims do not lack "an arguable basis in law or fact." Berry, 192 F.3d at 507. Accordingly, we vacate

the district court's judgment in part and remand for further consideration of Burnette's retaliation claims.

Because Burnette's brief on appeal does not address the district court's denial of his motions for a temporary restraining order, for appointment of counsel below, for an evidentiary hearing, or for leave to amend his complaint a second time, any objections to the denial of these motions are deemed abandoned. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995) (holding that although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (same). The MJ did not specifically consider Burnette's allegations that prison officials failed to protect him from fellow inmates, violated his due process rights in disciplining him, and adopted culpably unconstitutional policies. While his pleadings indicate that he may have intended to bring such claims, Burnette did not brief these issues or the MJ's failure to consider them, and they, too, are deemed abandoned. See Grant, 59 F.3d at 524. For the first time on appeal, Burnette attempts to raise claims regarding sexual assaults by a physician assistant named "Mr. Herren" and by a cell-mate, claims under the Convention Against Torture, and allegations regarding obstruction of justice. Because we typically do not consider claims that are raised for the first time on appeal, Yohey, 985 F.2d at 225, we decline to consider these claims.

Finally, Burnette seeks appointment of counsel on appeal, but because this litigation presents no "exceptional circumstances," the motion is denied. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

For the foregoing reasons, the judgment of the district court is AFFIRMED with respect to Burnette's Eighth Amendment claims against Lt. Garrows, Lt. Bynum, and Dr. Gallager, and his claims regarding the denial or delay of medical and psychological care. The judgment is VACATED as to the Eigth Amendment claims against Lt. Bowers, Capt. Jefferson, Associate Warden Rathman, and Duty Officer Freas, as well as the retaliation claims, and this

matter is REMANDED to the district court for further proceedings consistent with this opinion.  The motion for appointment of counsel on appeal is DENIED.