# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2025

Lyle W. Cayce
Clerk

————————

No. 24-30653

————————

Glen Elder,

*Plaintiff—Appellant*,

*versus*

Nolen Bass, *Warden*; Assistant Warden Johnson; Jarrob Bottley, Mayor,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:24-CV-713

———————————————————————

Before Elrod, *Chief Judge*, and Duncan and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Glen Elder, a prisoner at the Tensas Parish Detention Center (TPDC), filed a *pro se*, *in forma pauperis* civil rights complaint under 42 U.S.C. § 1983, alleging that he was periodically subjected to unsanitary conditions at TPDC between September 2023 and July 2024. The district court dismissed Elder's complaint with prejudice as frivolous and for failure to

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

state a claim. Because Elder has sufficiently alleged that his conditions of confinement violated his Eighth Amendment rights and that defendants Bass and Johnson were deliberately indifferent to these conditions, we reverse in part. We affirm the dismissal of defendant Jarrob Bottley, however.

I

Elder alleges that TPDC's water was shut off repeatedly for days and weeks at a time between September 2023 and July 2024. He alleges that during these periods he was forced to defecate into plastic bags and then deposit those bags into a larger bag filled with the excrement of approximately eighty other inmates. Elder alleges that these shut offs led to "very extreme filth" in the prison cells, with human waste on the floors, in the shower, in the toilets, and smeared on the walls. Elder also complains that TPDC failed to provide adequate bottled water for washing or drinking. Elder named Warden Bass, Assistant Warden Johnson, and Waterproof Mayor Jarrob Bottley as defendants. Elder alleges that he complained about his conditions several times to Bass and Johnson, who failed to address the biohazard.

A magistrate judge screened Elder's pleadings and construed the complaint as alleging that defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment by failing to provide adequate conditions of confinement. The magistrate recommended dismissing Elder's complaint as frivolous, reasoning that Elder failed to plausibly allege "that any particular defendant knew of yet disregarded a substantial risk of serious harm" to him. Elder objected to this recommendation, arguing that he had been trying to get grievance forms and had written to the wardens about his mistreatment.

The district court agreed with the magistrate judge and dismissed Elder's claims with prejudice as frivolous and for failure to state a claim on which relief may be granted. Elder appealed.

No. 24-30653

## II

A district court shall *sua sponte* dismiss complaints that are either frivolous or fail to state a claim for relief when a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i), (ii), or when a prisoner seeks redress from governmental employees, 28 U.S.C. § 1915A. We review the dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous for abuse of discretion. *See Green v. Atkinson*, 623 F.3d 278, 279–80 (5th Cir. 2010) (per curiam). We review dismissals under 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim and 1915A(b)(1) *de novo. See id.* at 280. Because the district court referred to both statutes in dismissing Elder's claims, we apply *de novo* review, taking the facts alleged in the complaint as true and viewing them in the light most favorable to Elder. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam).

## III

On appeal, Elder repeats the claims he pled before the district court. Construing his brief liberally, Elder argues that his unsanitary conditions of confinement violated his Eighth Amendment rights.

## A

To state a claim under the Eighth Amendment based on the conditions of his confinement, Elder must show that: (1) "the conditions were objectively so serious as to deprive [him] of the minimal civilized measure of life's necessities" and (2) subjectively, "the responsible prison officials acted with deliberate indifference to his conditions of confinement." *Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 241 (5th Cir. 2020) (per curiam) (internal quotation marks omitted).

Regarding the objective prong, the Supreme Court and our Court have recognized that adequate sanitation is a basic human need, the deprivation of

which may satisfy an Eighth Amendment claim. *See Taylor v. Riojas*, 592 U.S. 7, 7–8 (2020) (per curiam) (holding that "shockingly unsanitary cells" violated the Eighth Amendment); *accord Gates v. Collier*, 501 F.2d 1291, 1301 (5th Cir. 1974) ("Although the prison officials possess broad discretion in the area of conditions of confinement, this Court has repeatedly stated that there may be cases in which the deprivation of . . . hygienic facilities will warrant judicial action."). Furthermore, prisoners "need only show that there is a substantial *risk* of serious harm," not actual harm. *Garrett v. Lumpkin*, 96 F.4th 896, 900–01 (5th Cir. 2024) (emphasis in original) (internal quotation marks omitted).

Regarding the subjective prong, "the prisoner must show that the prison official knew of and disregarded an excessive risk to inmate health or safety." *Alexander*, 951 F.3d at 241. "That is, the prisoner must show both that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and (2) the official drew the inference." *Ibid.*

B

Treating Elder's allegations as true and viewing them in the light most favorable to him, we find that the district court erred in dismissing his claims against defendants Bass and Johnson.

1

Though this Court has suggested that "temporary plumbing problem[s]" are not sufficiently serious to constitute an Eighth Amendment violation, *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) (finding that "two days of discomfort" which included "a plumbing problem" that "resulted in the cutoff of water to [plaintiff's] cell for several hours" did not constitute an Eighth Amendment violation), we have also held that the lack of toilet access—under the totality of the circumstances—

may satisfy the objective prong of a conditions-of-confinement claim. *See, e.g.*, *Robertson v. Bass*, No. 24-30395, 2025 WL 416994 (5th Cir. Feb. 6, 2025) (unpublished) (holding that a fellow TPDC inmate who complained of virtually identical prison conditions had stated a conditions-of-confinement claim); *Bienvenu v. Beauregard Par. Police Jury*, 705 F.2d 1457, 1460 (5th Cir. 1983) (per curiam); *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (recognizing that conditions which, by themselves, would not establish an Eighth Amendment violation may nonetheless do so in combination, "but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need").

Here, Elder alleged that he was forced to defecate in a plastic bag multiple times, that he had to place those bags into a larger bag filled with the excrement of approximately eighty other inmates, that the excrement was stored in the shower area where Elder bathed, and that he had to urinate in a toilet full of feces. He explained that the prison cells contained "very extreme filth," with human waste on the ground, in the shower, in the toilets, and smeared on the wall. Elder also noted that there were "massive piles of feces outside [the] shower" and that the facilities were not regularly cleaned or sanitized. Elder additionally alleges that he was forced to eat his meals around human waste and without the opportunity to wash his hands.

Elder also complained that an inoperative sewerage system was a recurring problem at TPDC that lasted days and weeks at a time, suggesting that the conditions are more than "temporary plumbing problem[s]," *Holloway*, 685 F.2d at 156. Our Court has recognized that "[e]vidence of frequent or regular injurious incidents" may give rise to an Eighth Amendment violation, even if a single harmful incident would not. *Green*, 623 F.3d at 281.

These alleged conditions are virtually identical to those in *Robertson*, 2025 WL 416994, another conditions-of-confinement claim arising from water shut-offs at TPDC. As *Robertson* did, we also hold that, under a totality of the circumstances, the described conditions constitute an actionable deprivation of sanitation. *See ibid.*; *Bienvenu*, 705 F.2d at 1460; *Wilson*, 501 U.S. at 304.

2

Elder has plausibly alleged that Bass and Johnson acted with deliberate indifference to his health and safety, but he has not stated a plausible claim against Bottley.

Elder alleged that Bass and Johnson imposed the bag procedure in response to TPDC's sewerage problems, that Bass and Johnson were involved in burning the waste-filled bags, and that Johnson was involved in pumping raw sewage outside onto the ground. Elder's allegations of Bass and Johnson's active involvement suggest that these defendants were not only aware of the lack of water and inoperative toilets at TPDC, but also "drew the inference" that Elder was being exposed to biohazardous waste on a recurring basis. *Alexander*, 951 F.3d at 241; *see also Robertson*, 2025 WL 416994, at *1, 5.

Elder has not made any allegation against defendant Jarrob Bottley, however, so we affirm the district court's dismissal of that claim.

IV

The district court's judgment dismissing Elder's claim is AFFIRMED in part as to defendant Bottley, but otherwise VACATED and REMANDED for proceedings consistent with this opinion.